IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

       Plaintiff,

vs.                                          No. CIV 21-1073 JB/GBW

RICKY MARTINEZ; CURRY COUNTY
ADULT DETENTION CENTER;
2009 COMMUNICATIONS and FEDERAL
CENSORSHIP COMMISSION,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil

Procedure on Plaintiff Myrtis Paulo Hart's handwritten Civil Rights Complaint, filed November

5, 2021 (Doc. 1)("Complaint").  The Court will dismiss the Complaint without prejudice for failure

to comply with a Court order, failure to comply with statutes and local rules, and failure to

prosecute this proceeding.

This is one of the many cases that Hart has filed in this Court.[1]  Hart filed his Complaint

on November 5, 2021.  See Complaint at 1.  At the time of the Complaint's filing, Hart was

---

[1]See Hart v. State of New Mexico, No. CIV 19-00089 MV/GJF; Hart v. Gallegos, No. CIV
19-00128 JCH/JFR; Hart v. Gallegos, No. CIV 19-00175 RB/GBW; Hart v. Gallegos, No. CIV
19-00766 JB/KBM; Hart v. Gallegos, No. CIV 19-00834 MV/JHR; Hart v. Gallegos, No. CIV 19-
00932 MV/SCY; Hart v. Gallegos, No. CIV 20-00595 WJ/SMV; Hart v. Borne, No. CIV 20-00965
KG/JFR;  Hart  v.  McDonald's,  No.  CIV  20-01044  WJ/JFR;  Hart  v.  Central  New  Mexico
Correctional Facility, No. CIV 20-01046 KG/GB; Hart v. Clovis Police Department, No. CIV 20-
01064 KG/SMV; Hart v. Federal Bureau of Investigation, No. CIV 20-01141 MV/JFR; Hart v.
United States, No. CIV 21-0008 KG/CG; Hart v. Lytle, No. CIV 21-00017 MV/GBW; Hart v.
Saavedra, No. CIV 21-00106 KWR/GBW; Hart v. Guadale,  No. CIV 21-00131 JB/SCY; Hart v.
Northwestern New Mexico Correctional Facility, No. CIV 21-00136 KG/KK; Hart v. Central New
Mexico Correctional Facility, No. CIV 21-00137 KWR/JFR; Hart v. Northwestern New Mexico

incarcerated at the Curry County Adult Detention Center and named the Curry County Adult Detention Center, as well as 2009 Communications and possibly two federal agencies as Defendants.  See Complaint at 1.  Hart alleges that he was injured by the Defendants, who were "utilizing phone to engage in hate crime via communications the Pod 7 on the week of October 1st -- October 8th, a multitude of calls was filled with social undertones as well as blatant racism as well as Hate."  See Complaint at 1.  He seeks damages in the amount of $45,000.00.  See Complaint at 2.

On November 9, 2021, the Honorable Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, determined that Hart's Complaint was not in proper form.  See Order to Cure Deficiencies at 1, filed November 9, 2021 (Doc. 2)("Cure Order").  Hart also did not pay the filing fee or apply to proceed in forma pauperis at the time he filed the Complaint.  In the Cure Order, Magistrate Judge Wormuth directs Hart to put his Complaint in proper form and either pay the filing fee or submit, within thirty days of entry of the Order, an application to proceed under 28 U.S.C. § 1915.  See Cure Order at 2.  With the Cure Order, the Court also provided Hart with a form prisoner civil rights complaint and a form Application to Proceed in District Court Without Prepayment of Fees or Costs.  See Cure Order at

---

Correctional Facility, No. CIV 21-00186 JB/SMV; Hart v. Curry County Adult Detention Center, No. CIV 21-01011 RB/KBM; Hart v. Talin Market World Food Fare, No. CIV 21-01012 KG/SCY; Hart v. Dank Smoke Shop and Grocery, No. CIV 21-01013 KG/GBW; Hart v. Discount Liquors, No. CIV 21-01014 JCH/SCY; Hart v. State of New Mexico, No. CIV 21-01048 JCH/KRS; Hart v. Adult Probation and Parole, No. CIV 21-01049 JB/KBM; Hart v. Martinez, No. CIV 21-01073 JB/GB; Hart v. Summit Food Service, No. CIV 21-01074 MIS/LF; Hart v. Sellers, No. CIV 21-01075 MV/KK; Hart v. Curry County Adult Detention Center, No. CIV 21-01078 MV/SMV; Hart v. Curry County Adult Detention Center, No. CIV 21-01079 KG/KRS; Hart v. Seven-Eleven, No. CIV 21-01105 KG/GJF; Hart v. WalMart, No. CIV 21-01107 MV/KRS; Hart v. Sahara Hotel, No. CIV 21-01108 JB/KRS; Hart v. Federal Bureau of Investigation, No. CIV 21-01124 KG/SCY; Hart v. Foot Locker Corporation, No. CIV 21-01135 MIS/GBW; Hart v. Lil Caesars, No. CIV 21-01136 KWR/KBM; Hart v. Transition for Living, No. CIV 21-01137 MV/CG; Hart v. Fairfield (Hotel), No. CIV V 21-01161 WJ/SCY.

2-3. The Cure Order advises Hart that, if he fails to cure the deficiencies within the thirty-day time period, the Court could dismiss this proceeding without further notice. See Cure Order at 2.

Hart has not complied with the Magistrate Judge Wormuth's November 9, 2021, Cure Order. Hart has not submitted an amended complaint in proper form and has not submitted an application to proceed in forma pauperis or pay the filing fee as 28 U.S.C. §§ 1914 and 1915 require. Hart has not submitted any filings or communicated with the Court since filing his Complaint on November 5, 2021. Mail sent to Hart at his Curry County Adult Detention Center address was returned as undeliverable on December 9, 2021, indicating that he was no longer in custody. See Mail Returned as Undeliverable, filed December 9, 2021 (Doc. 4).

Although Hart has not given any notice that his address had changed, the Court, on its own initiative, has searched the Curry County Adult Detention Center and New Mexico Corrections Department's records, confirmed that Hart had been released from Curry County Adult Detention Center on November 21, 2021, confirmed Hart that was incarcerated at Central New Mexico Correctional Facility, and changed Hart's address of record to Central New Mexico Correctional Facility. Subsequently, mail sent to Hart in several of his other cases was returned as undeliverable.[2] A search of the New Mexico Corrections Department records disclosed that Hart has now been released from the Central New Mexico Correctional Facility, is no longer in the New Mexico Corrections Department's custody. Hart's whereabouts are currently unknown.

Pro se litigants like Hart must follow the Federal Rules of Civil Procedure and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing

---

[2]See, e.g., CV 21-01049 DHU/KBM, CV 21-01077 KWR/CG, CV 21-1075 MV/KK, CV 21-01011 RB/KBM, CV 21-01079 KG/KRS, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

- 4 -

address and to maintain contact with the Court.  See D.N.M. LR-Civ. 83.6.  Hart has not complied

with D.N.M. LR-Civ. 83.6.  Hart has not submitted a complaint in proper form, and has not filed

an application to proceed in forma pauperis or paid the filing fee as Magistrate Judge Wormuth

ordered on November 9, 2021, and as 28 U.S.C. § 1915(a) requires.  See Cure Order at 2-3.

Hart also has not kept the Court advised of his correct mailing address and has not

maintained communication with the Court, in violation of D.N.M. LR-Civ. 83.6.  The Court may

dismiss a proceeding under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply

with statutes or rules of civil procedure, or to comply with court orders.  See Fed. R. Civ. P. 41(b);

Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court, therefore, will dismiss this

civil proceeding pursuant to rule 41(b) for not complying with the Cure Order, for not complying

with local rules, and for not prosecuting this proceeding.

**IT IS ORDERED** the Plaintiff Myrtis Paulo Hart's Civil Rights Complaint, filed

November 5, 2021 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Myrtis Paulo Hart
Los Lunas, New Mexico

   *Plaintiff Pro Se*